**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KENNETH LEWIS,
ADC #87974 PLAINTIFF

V. 5:11CV00256 SWW/JTR

CLINTON HALL, Chief of Security; and
ALICE HEARD, Correctional Officer,
Diagnostic Unit, Arkansas Department of Correction DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Kenneth Lewis, is a prisoner in the Cummins Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that Defendants violated his constitutional rights while he was a prisoner in the Diagnostic Unit. *See* docket entry #2.

Defendants have filed a Motion to Dismiss and a Supporting Brief. *See* docket entries #12 and #13. Plaintiff has filed a Response and a Brief in Support. *See* docket entries #21 and #22. Before addressing the merits of the Motion, the Court will summarize the relevant facts as alleged by Plaintiff in his Complaint:[1]

1. On July 24, 2010, Plaintiff was attacked by Inmate Eric Harrell while both men were housed in 3 Barracks of the Diagnostic Unit. *See* docket entry #2.

2. On July 29, 2011, Plaintiff filed a negligence claim with the Arkansas Claims Commission ("ACC") seeking $100,000 in monetary damages. *See* docket entry #2 at 12.

3. In his ACC claim, Plaintiff alleged that Defendants Chief of Security Clinton Hall and Correctional Officer Alice Heard negligently ignored his previous warnings that he should be separated from Harrell because the two inmates had previously fought while they were housed together at the Pulaski County Detention Facility. *Id.* Plaintiff also claims that, on the night of the attack, Defendant Heard negligently allowed Harrell to walk around 3 Barracks in violation of the "lights out" policy. *Id.*

---

[1] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

4. After reviewing several witness statements, incident reports, and other evidence, the ACC found no support for Plaintiff's allegations. *Id.* at 13-30. Accordingly, it denied Plaintiff's claim on the merits.

5. On September 29, 2011, Plaintiff filed this § 1983 action alleging that Defendants Hall and Heard violated his Eighth Amendment rights when they failed to protect him from being attacked, on July 24, 2010, by inmate Harrell. *See* docket entry #2. Importantly, Plaintiff's Eighth Amendment claim is based on the same factual allegations set forth in his ACC claim. *Id.*

## II. Discussion

Defendants argue that this § 1983 action is barred by the doctrine collateral estoppel. *See* docket entries #12 and #13. This argument is well taken.

Collateral estoppel, or issue preclusion, prevents relitigation of factual issues that have already been litigated and resolved in a prior suit. *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 679 (8th Cir. 2006). Specifically, the collateral estoppel applies, and the subsequent lawsuit is barred, if:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

*Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009); *Ripplin Shoals Land Co. v. U.S.*

*Army Corps. of Eng'rs.*, 440 F.3d 1038, 1044 (8th Cir. 2006). Importantly, the Eighth Circuit has clarified that collateral estoppel applies when the first factual adjudication is made by an administrative agency, such as a state claims commission. *See Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983); *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981)

In this case, it is undisputed that the Plaintiff had a full and fair opportunity to litigate his claims against Defendants Hall and Heard before the ACC. After reviewing the relevant evidence, the ACC denied Plaintiff's claims on the merits.

The only difference in the two actions is that Plaintiff's ACC claim was based on negligence, while the current § 1983 claim is based upon a violation of the Eighth Amendment. Nevertheless, the doctrine of collateral estoppel precludes Plaintiff from relitigating the matter because he has already lost on the merits before the ACC on the lesser, negligence standard. *See Price*, 722 F.2d at 428 (holding that an Arkansas prisoner was collaterally estopped from bringing a § 1983 Fourteenth Amendment claim based on the same facts he had used to support a negligence claim before the Arkansas Claims Commission); *Steffen*, 665 F.2d at 247 (same); *Williams v. Campbell*, Case No. 97-2501, 1998 WL 514547 (8th Cir. Aug. 13, 1998) (unpublished opinion) (holding that an Arkansas prisoner was precluded from bringing a § 1983 Eighth Amendment claim based on the same facts that he had used to support a

negligence claim before the Arkansas Claims Commission); *Peppers v. Norris;* Case No. 5:08CV00314 JMM/BD, 2009 WL 856971 (E.D. Ark. March 30, 2009) (unpublished decision) (same). Accordingly, this case should be dismissed, with prejudice.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Dismiss (docket entry #12) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2. The dismissal of this action CONSTITUTE a "strike," pursuant to 28 U.S.C. § 1915(g), as being frivolous.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 27th day of January, 2012.

UNITED STATES MAGISTRATE JUDGE